## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| MARY MILLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-05-S-1313-M** |
| | ) | |
| | ) | |
| C H E R O K E E   C O U N T Y, | ) | |
| ALABAMA,  and  SHERIFF | ) | |
| LARRY WILSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter is before the court on the motion to dismiss plaintiff's First Amendment retaliation claim against defendant Larry Wilson in his individual capacity (doc. no. 10). In a previous order, the court granted in part defendant Wilson's motion to dismiss (doc. no. 10) and granted the motion of defendant Cherokee County, Alabama to dismiss all claims asserted against that state governmental entity (doc. no. 8).[1] The only claim remaining in this lawsuit is asserted against defendant Cherokee County Sheriff Larry Wilson in his individual capacity. The claim is founded upon 42 U.S.C. § 1983, and seeks damages for acts of defendant

---

[1] *See* doc. no. 16 (Order). Plaintiff did not oppose the motion to dismiss all claims filed by defendant Cherokee County, Alabama, and did not oppose defendant Larry Wilson's motion to dismiss all official capacity claims, and any claims contained in Counts Two, Three, and Four of the complaint.

Wilson, allegedly taken in retaliation for the exercise of First Amendment rights by plaintiff, Mary Miller. Defendant Wilson has moved to dismiss, arguing that plaintiff has failed to state a claim upon which relief can be granted,[2] and also asserting the affirmative defense of qualified immunity.

Plaintiff began her employment with the Cherokee County Sheriff's Department in October of 1990. Defendant Wilson became Sheriff of Cherokee County in January of 1993.[3] Agents of the Federal Bureau of Investigation (FBI) established contact with plaintiff in January 2004, as part of the Bureau's investigation of the Cherokee County Sheriff's Department.[4] Plaintiff alleges that she advised defendant that she had met with FBI agents, and answered the agents' questions concerning actions of the department's former and current administrations.[5] Plaintiff further alleges that she was subpoenaed to testify before a federal grand jury on January 29, 2004, and that she and defendant arrived at the witness waiting area at the same time on the same date prior to giving their testimony.[6] Plaintiff was

---

[2] Defendant's motion was filed pursuant to Federal Rule of Civil Procedure 12(b)(6), consideration of which requires that all allegations of the complaint be accepted as true. *See, e.g., Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) ("The court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiff[], show that the government official's conduct violated a constitutional right.") (citation omitted).

[3] *See* doc. no. 1 at 2 (Complaint).

[4] *See id.*

[5] *See id.* at 3.

[6] *See id.*

terminated six days after testifying before the grand jury.[7]  Plaintiff contends that in her thirteen years of employment with the Cherokee County Sheriff's Department, she had never been verbally reprimanded or written-up for job performance issues.[8]

A governmental employee who claims that she was subjected to an adverse employment action in retaliation for the exercise of constitutionally-protected speech must establish that:  "(1) her speech constituted a matter of public concern; (2) her First Amendment interests outweighed the [governmental employer's] interest in promoting efficient delivery of public services; and (3) her speech played a substantial part in the [decision-making body's] decision . . . ."  *Mason v. Village of El Portal*, 240 F.3d 1337, 1339 (11th Cir. 2001) (citing *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989)).

Defendant argues that, because plaintiff fails to reveal the factual details of her testimony before the grand jury, and fails to allege that she made any derogatory statements to the grand jury, plaintiff fails to meet the heightened pleading requirement attendant to § 1983 claims.  Defendant fails to cite any authority for the proposition that plaintiff must provide details of her grand jury testimony in order to meet a heightened pleading requirement.

Plaintiff's complaint alleges that she was  terminated within six days of

---

[7] *See id.*

[8] *See* doc. no. 1 at 3.

3

testifying before a grand jury and cooperating with an FBI investigation of the Cherokee County Sheriff's Department.  Plaintiff claims she worked for the Sheriff's Department for thirteen years without incident, and that when defendant told her she was being terminated, defendant's attorney, present at the time, informed her "the sheriff did not have to give her a reason."[9]  Although defendant disputes that the reason for plaintiff's termination had anything to do with her grand jury testimony or cooperation with the FBI, plaintiff has alleged facts showing an extremely short temporal proximity between her grand jury testimony and her termination—facts which, if proven true, may be used to establish causation and retaliatory intent.  Mere cooperation with a grand jury investigating the county sheriff's department could, under certain circumstances, provide sufficient motivation for a retaliatory discharge that violates the First Amendment.  Many of defendant's arguments to the contrary are more appropriate for consideration in the context of a motion for summary judgment.  Defendant's arguments cannot prevail on a Rule 12 motion.

Thus, plaintiff sufficiently states a claim of First Amendment retaliation against defendant.  *See also Fikes v. City of Daphne*, 79 F.3d 1079, 1084 (11th Cir. 1996) (vacating district court's dismissal for failure to state a retaliation claim under the First Amendment, and noting that, "[c]ertainly, the question of whether police officers

---

[9] Doc. no. 1 at 3.

are properly performing their duties . . . must be considered an issue of political or social concern").

Defendant also moves to dismiss on the basis of qualified immunity. "Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Slicker v. Jackson*, 215 F.3d 1225, 1232 (11th Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

"While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss; the motion will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (quoting *Williams v. Alabama State University*, 102 F.3d 1179, 1182 (11th Cir.1997)); *see also, e.g.*, *Denno v. School Board of Volusia County*, 218 F.3d 1267, 1275 (11th Cir.2000); *Kyle v. Chapman*, 208 F.3d 940, 943 (11th Cir.2000); *Maggio v. Sipple*, 211 F.3d 1346, 1355 (11th Cir.2000) (reversing district court's failure to grant 12(b)(6) motion to dismiss because defendants entitled to qualified immunity).

> Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity

is "an entitlement not to stand trial or face the other burdens of
litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86
L. Ed. 2d 411 (1985).  The privilege is "an *immunity from suit* rather
than a mere defense to liability; and like an absolute immunity, it is
effectively lost if a case is erroneously permitted to go to trial."  *Ibid*.
As a result, "we repeatedly have stressed the importance of resolving
immunity questions at the earliest possible stage in litigation."  *Hunter
v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991)
(*per curiam*).

*Saucier v. Katz*, 533 U.S. 194, 200-01(2001) (emphasis in original).  In determining

whether plaintiff has alleged a violation of a clearly established right, the court looks

to the prevailing First Amendment law at the time of defendant's alleged conduct.

*See Williams v. Alabama State University*, 102 F.3d 1179, 1182 (11th Cir. 1997).

Defendant argues that there is no clearly established Eleventh Circuit law

which holds that "simply speaking to an FBI agent or testifying before a grand jury,

without any indication that the speech in any way involved a matter of 'public

concern,' — something which may *not* be presumed [ ] — constitutes in and of itself

constitutionally protected behavior."[10]  Defendant cites *Ferrara v. Mills*, 781 F.2d

1508, 1512 n.4 (11th Cir. 1986), as support for these assertions.[11]

*Ferrara* involved an appeal from a *summary judgment* ruling that plaintiff had

failed to meet his burden of establishing that his speech related to matters of public

concern.  Ferrara was a high school teacher who spoke on issues concerning school

---

[10] Doc. no. 11 at 24.

[11] *See id.*

6

policies and teacher assignments at meetings with faculty and the principal.   In reviewing a district court's summary judgment decision against Ferrara, the Eleventh Circuit concluded that Ferrara's speech did not relate to matters of public concern and, thus, was not constitutionally protected.  Instead, Ferrara's speech was found to be more properly "characterized as an employee grievance."  781 F.2d at 1516.

In contrast, the facts *alleged* in this case *do* indicate that the speech involved matters of public concern.  The Eleventh Circuit has said that "[t]here can be no doubt that corruption in a police department is an issue of public concern."  *Cooper v. Smith*, 89 F.3d 761, 765 (11th Cir. 1996).  In *Cooper*, a deputy sheriff cooperated with the Georgia Bureau of Investigation during its investigation of corruption in a sheriff's department.  The investigation resulted in an indictment against the Sheriff, who thereafter terminated the deputy sheriff after learning of his  cooperation in the investigation.  Likewise, there can be no question, in the context of the facts alleged in this complaint that plaintiff's speech, given to a grand jury investigating corruption in the Cherokee County Sheriff's department, involved an issue of public concern.  *See Johnson v. Harris County Flood Control District*, 869 F.2d 1565, 1578 (5th Cir. 1989) (finding that "a grand jury witness speaks on matters of public concern when he furnishes truthful information to the grand jury on a matter that the grand jury properly is investigating").  For purposes of ruling on a Rule 12(b)(6) motion to

dismiss, therefore, the facts available to the court in plaintiff's complaint lead the court to conclude that plaintiff has adequately alleged a violation of a clearly established constitutional right.[12]

Accordingly, defendant's motion to dismiss is due to be denied.  A separate order will be entered consistent with this memorandum opinion.

DONE this 12th day of June, 2006.

United States District Judge

---

[12] This ruling in no way limits defendant's ability to assert qualified immunity in a summary judgment motion after discovery has concluded.